IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN LEON MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:12cv-101-WHA |
| ) | |
| QUALITY CORRETIONAL ) | (WO) |
| HEALTHCARE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| CALVIN LEON MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:12cv-526-WHA |
| ) | |
| DOCTOR TATUM McARTHUR, et al., ) | (WO) |
| ) | |
| Defendants. ) | |

**ORDER**

These consolidated cases are before the court on the Recommendation of the Magistrate Judge (Doc. #58), entered on January 30, 2015, and the Plaintiff's Objections (Doc. #60), filed on February 18, 2015. Following an independent evaluation and *de novo* review of the Recommendation, the Objections, and the files in these cases, the court finds as follows:

The Magistrate Judge recommends the granting of the Motion for Summary Judgment of Defendants Quality Correctional Health Care's ["QCHC"], Nurse Barefield and Dr. Gurley and dismissal under 28 U.S.C. § 1915(e)(2)(B) of Plaintiff's claims against Nurse Thompson and Dr. McArthur. In this § 1983 action Plaintiff challenges the medical treatment provided to him in early October 2011 while he was incarcerated at the Montgomery County Detention Facility.

1

Specifically, Plaintiff alleges that Defendants denied him adequate medical care for pneumonia and a collapsed lung.

Plaintiff's claims against the defendant medical personnel stem primarily from his contention that they were not capable of treating his condition in a prison setting and that he should have received medical care from a free world hospital sooner than he did but QCHC put "saving [] a dollar above the life of an ill inmate." (Doc. 60 at 2). He faults Nurse Barefield for following "cough protocol" when his complaint of terrible pain should not have been associated with a cough and for failing to notify a "higher up" when he told her the medication she prescribed did not work; maintains the results of his chest x-ray warranted immediate medical attention; claims Nurse Thompson saw his condition worsening when he was placed in the infirmary on October 13, 2011 (the same day he was transported to Jackson Hospital), yet "they still tried to 'doctor' on him at the jail;" and asserts that the equipment available at the free world hospital in contrast to that which was available at the jail was an indicator that the infirmary at the Montgomery County Detention Facility did not have adequate medical equipment to provide even minimally adequate care.  (Id. at 2-3, 6). Plaintiff further contends that QCHC had knowledge of his need for urgent medical care yet intentionally refused to provide that care. (Id. at 5).

Plaintiff's objection does not undermine the Magistrate Judge's Recommendation that Defendants Barefield, Gurley, and QCHC are entitled to summary judgment where he failed to sufficiently allege that these defendants were deliberately indifferent to his serious medical needs. Rather, Plaintiff's objection reaffirms his belief that his condition required a different course of treatment. The Recommendation points out that Plaintiff's disagreement with the course of treatment provided by Defendants is an insufficient basis on which to state

a claim for denial of medical care, as medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). As also explained in the Recommendation, mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Thus, neither an inmate's § 1983 claims that treatment was not as prompt as he desired or believed necessary, *see Wells v. Franzen*, 777 F.2d 1258, 1264 (7th Cir.1985), nor claims regarding the wisdom or quality of medical care provided, even if the treatment may be considered negligent or amount to malpractice, are sufficient to state a claim for deliberate indifference. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991). Further, it is not every delay in access to medical treatment that constitutes an unnecessary and wanton infliction of pain or punishment in violation of the Eighth amendment, *see Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002), and in this case, no verifying medical evidence was produced which established that any delay in medical treatment resulted in a detriment to Plaintiff. *Id.* at 1187–89. Because Plaintiff's objection to the court's disposition of his Eighth Amendment inadequate medical care claims against Defendants Barefield, Gurley, and QCHC fails to provide any basis on which to reject the findings and conclusions made in the Recommendation, the objection is due to be overruled.

The Magistrate Judge also recommends dismissal of Plaintiff's claims against Defendants Thompson and McArthur finding his claims against them failed to state a viable claim for deliberate indifference under § 1983 and/or, as against Dr. McArthur, failed to allege

3

deprivation of a constitutional right which was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (it is Plaintiff's consolidated complaint, as amended, which presents claims against Defendants Thompson and McArthur). Plaintiff objects to these Defendants' dismissal claiming it is impossible to determine whether they were responsible for the claims asserted against them without an affidavit or records. (Doc. 60 at 6). Plaintiff does not otherwise dispute the findings and conclusions made in the Recommendation other than conclusorily stating his chest x-ray revealed a condition warranting immediate medical attention. (Id.). However, as explained in the Recommendation, the claims Plaintiff asserted against Defendants Thompson and McArthur (assuming, *arguendo*, the latter defendant could be considered a state actor) failed to allege facts constituting a valid deliberate indifference claim as courts have consistently held that a mere difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have also consistently held that the appropriateness of a certain course of medical treatment is not a proper subject for review in a civil rights action. *Estelle*, 429 U.S. at 107 ("matter[s] of medical judgment" do not give rise to a § 1983 claim),  Moreover, as also explained in the Recommendation, disputes over delays in treatment (without more), unsuccessful treatment, or even negligence or medical malpractice do not meet the constitutional standard of deliberate indifference by a state actor. Thus, taking as true Plaintiff's factual allegations against Defendants Thompson and McArthur, his failure to allege facts which establish deliberate indifference to his health or safety is fatal to his medical care claims against them and dismissal of his claims against these defendants was, therefore, appropriate. Because Plaintiff provides no legally meritorious reason to reject the Magistrate Judge's findings and

conclusions in the Recommendation regarding his inadequate medical care claims against Defendants Thompson and McArthur, his objection is due to be overruled.

Plaintiff alleged an Eighth Amendment conditions of confinement claim alleging he was not housed in a disease-free environment and, as a result, contracted tuberculosis ["TB"]. The Magistrate Judge recommended denial of relief on this claim finding that Plaintiff failed to produce any evidence which showed the medical defendants knew that an active case of TB was present at the Montgomery County Detention Facility and that they then deliberately disregarded the risk posed to inmates as well as employees of the jail. Plaintiff's objection to the entry of summary judgment on this claim on the conclusory grounds that "someone should be held liable," and that he subsequently learned another inmate had been exposed to TB at the time of his illness (Doc. #60 at 7) reinforces the Magistrate Judge's finding that Plaintiff failed to demonstrate he is entitled to relief on this claim for the reasons explained in the Recommendation.

Plaintiff objects to the Recommendation that summary judgment should be entered in favor of QCHC on the basis that this entity should be held liable under respondeat superior (Doc. #60 at 5). Because § 1983 does not provide for liability under a theory of respondeat superior, *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690 (1978), the Magistrate Judge's Recommendation that this defendant is due to granted summary judgment is proper.

In sum, Plaintiff's objections provide no basis on which to reject the findings and conclusions made in the Recommendation, and it is hereby ORDERED as follows:

1. Plaintiff's objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. The Defendants' Motion for Summary Judgment (Doc. #15) is GRANTED.

    4.  Plaintiff's Complaint, as amended, against Defendant McArthur and Thompson is DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

    5.  This case is DISMISSED with prejudice.

    DONE this 26th day of February, 2015.

                        /s/ W. Harold Albritton
                        W. HAROLD ALBRITTON
                        SENIOR UNITED STATES DISTRICT JUDGE